**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

**GOYA DE PUERTO RICO, INC.,**
Plaintiff,

v.                                                                                                  **CIVIL NO. 01-1119(DRD)**

**ROWLAND COFFEE ROASTERS, INC.,**
Defendants

## ORDER

     Pending before the Court is Plaintiff's *Motion for Reconsideration*. (Docket No. 181). Through said motion, plaintiff Goya de Puerto Rico, Inc. requests the Court to revisit its decision and reconsider the same as to the disposition denying disclosure of Rowland's Executive Summary prepared in connection with the Asset Purchase Agreement with Tetley and which refers to the Puerto Rican market. (Docket 177). The Court is persuaded and reconsiders. The Court briefly explains.

     First, it is, at a minimum, debatable whether or not the parties are competitors (Plaintiff alleges that Rowland admitted that Goya is not a competitor when it accused Goya of failure to supplement the Bustelo Coffee line in Puerto Rico in its pre-trial legal theory, *see* Docket No. 181, at 2). Moreover, Plaintiff is a coffee distributor, and Defendant is a manufacturer. The Court originally determined in its order at Docket No. 177 as the reason **not** to disclose the aforementioned Executive Summary that Rowland and Goya were competitors. Further, the Summary is related to marketing plans that are almost six (6) years old at this time and the parties have signed a confidential agreement concerning matters disclosed during discovery procedures. However, even if the Court was originally correct, there is a more persuasive argument – the fact that Rowland has placed as one of the potential critical issue in the case, the sale of its coffee products in Puerto Rico subsequent to termination as a possible "just cause" for termination. *See* Docket No. 81, at 3-4. The Executive Summary then becomes an issue related to "just cause" and may not be precluded.

     As part of the same argument, Goya makes a cogent averment to the effect that Rowland should not be authorized to advance as a potential "just cause" averment matters relating to their strategy and marketing plans for the years 1999-2000 while, at the same time, preventing Goya to challenge or corroborate these marketing plans through contemporaneous Rowland marketing plans as may be contained in the Executive Summary. Hence, the Executive Summary is to be released by Rowland to Goya within the next **FIVE (5) DAYS from the issuance of this order**.

     The Court **GRANTS** Rowland the opportunity before the disclosure to propose to the Court the potential redaction of certain limited portions of the Executive Summary Document, as hinted by Plaintiff, that the Court may have not properly recognized as absolutely privileged and/or confidential *vis a vis* an *in camera* conference with the court within the next five days.

     **IT IS SO ORDERED.**

     **Date: June 14, 2005**                                                                     s/ Daniel R. Dominguez
                                                                                                     **DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE**